UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL RODAS LOPEZ,

      Petitioner,

  v.                                          Case No. 2:26-cv-880-JES-npm

U.S IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

      Respondents.

_____

**OPINION AND ORDER**

Petitioner Miguel Rodas Lopez initiated this action by filing a 28 U.S.C. § 2241 petition for writ of habeas corpus seeking either release from immigration custody or an individualized bond hearing. (Doc. 1). Respondents assert that Rodas Lopez has left the United States and that his petition is now moot. (Doc. 5; Doc. 6).

In his 28 U.S.C. § 2241 petition for writ of habeas corpus, Rodas Lopez, a Guatemalan citizen, asserted that Immigration and Customs Enforcement (ICE) was illegally holding him under 8 U.S.C. § 1225(b)(2)(A) and asserting that he was ineligible for release on bond. (Doc. 1 at 1). Rodas Lopez sought release from custody or a bond hearing. On April 8, 2026, Respondents notified the Court that Rodas Lopez was granted voluntary departure from the United States on March 19, 2026 and is no longer in ICE custody. (Doc. 5; Doc. 6).

Federal courts have limited jurisdiction.  Under Article III of the Constitution, our power extends only to actual "Cases" and "Controversies."  Id.  We do not issue advisory opinions or decide questions that have become academic.  See, e.g., Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Here, Rodas Lopez asked this Court for a writ of habeas corpus to secure his release from detention.  But his custody ended when he left the United States.  Thus, the condition he sought to escape no longer exists, and the habeas petition is moot.  Djadju v. Vega, 32 F.4th 1102, 1107 (11th Cir. 2022); see also Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1289 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.").

No exception to the mootness doctrine applies here.  A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release.  But Rodas Lopez's habeas petition challenged only his detention, not the validity of his removal order or anything else. He has not argued any continuing injury from his prior detention that this Court can now remedy.  See Djadju, 32 F.4th at 1107 ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

2

There is also an exception for cases that are "capable of repetition, yet evading review." Al Najjar, 273 F.3d at 1339. But this applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. Id. That is not the case here. The probability that Rodas Lopez will return to the United States and be re-detained is too remote to sustain federal jurisdiction. See, e.g., Mehmood v. United States Att'y Gen., 808 F. App'x 911, 913 (11th Cir. 2020). Moreover, Rodas Lopez can re-file a habeas petition should that occur.

Rodas Lopez is no longer in ICE custody. There is no live controversy left to adjudicate, and the Court is powerless to grant relief for a detention that has already ended. See Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt., No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025).

Accordingly, it is hereby **ORDERED**:

1.   Miguel Rodas Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

2.   The Clerk is **DIRECTED** to terminate all deadlines, deny any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 16, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3